IT IS ORDERED AND NOTICE IS GIVEN THAT:

    (a) The trustee is authorized to compensate the debtor's attorney in the amount requested below without further notice or order if copies are timely served per (b) unless, within 30 days of the FILED date, a party files a written objection that sets forth specific grounds for it, with the Clerk of Court, 1001 SW 5th Ave #700, Portland OR 97204. If the amount requested includes fees for work necessary to complete the case, and payment of such fees will have any impact on creditor distributions, the trustee is authorized to compensate the attorney in the amount requested for work necessary to complete the case 21 days after an itemized bill for the additional work is filed and a copy is served on the debtor unless, within 14 days after service, a written objection is filed.

    (b) The applicant must comply with all provisions in the court's Notice to Serve Document(s), and must BOTH (1) properly serve a copy of this document, AND (2) FILE a completed Certificate of Service using a copy of this document (WITHOUT any attachments).

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) 
) Case No. _____
)
) [ONLY FOR CHAPTER 13 CASES]
) APPLICATION BY DEBTOR'S ATTORNEY
) FOR SUPPLEMENTAL COMPENSATION;
Debtor(s) ) AND ORDER AND NOTICE THEREON

I, the undersigned debtor's attorney, whose address and phone number are _____
_____, apply for additional compensation from the debtor's estate for the period from _____ to _____ in the sum of $_____ (which is not less than $500 unless this is a final application, and which, if this is a final application, includes $_____ in anticipated additional fees to complete the case), per the attached itemized billing summary.

I CERTIFY THAT:

    1. This (**Check One**)    IS   IS NOT my final application for compensation in this case.

    2. I have previously been awarded a total of $_____.  If granted, the total approved compensation amount will be $_____.

1307 (12/1/15) **Page 1 of 2**

3. My Disclosure of Compensation shows the debtor(s) and I agreed to:
   ___ Schedule 2   ___ Schedule 3.

4. My previous application for compensation (i.e., either the original compensation disclosure or a supplemental application) was filed on _____, which is more than six months from the date of this application unless this is my final application.

5. Allowance of this application will (mark all that apply):
   __ not affect the distribution to creditors.
   __ not change the length of the plan which is estimated at _____ months.
   __ change the length of the plan from an estimated _____ months to an estimated _____ months.
   __ delay the distribution to creditors by approximately _____ months.
   __ reduce the distribution to general unsecured creditors from an estimated _____% to an estimated _____ %
   __ require that the debtor pay more, either by additional or increased plan payments sufficient to pay the additional fees.
   __ other: _____
   _____.

6. Applicant will file a modified plan within 28 days of allowance of the compensation requested in this application if the allowance will otherwise require plan modification.

7. Applicant declares that, except as explained below, the minimum time billed is not in increments that exceed .1 hour (6 minutes), and that any time spent working on multiple matters concurrently has been allocated between those matters so that total billings do not exceed the actual time spent:

DATE: _____                            _____
                                            Debtor's Attorney


***STOP:* BEFORE SERVING COPIES, SUBMIT THE MOTION TO OBTAIN A JUDGE'S ORDER!**

### CERTIFICATE OF SERVICE

I certify that on _____ a copy of this application and order thereon (without attachments unless the order requires service of an economic impact statement on the debtor), and any Notice of Hearing prepared by the court per the judge's order, were served on the debtor, and, if amounts requested and anticipated exceed $1,000, on all creditors who filed claims and entities that filed a request to receive all case notices.

                                            _____
                                            Signature & Relation to Applicant

1307 (12/1/15) **Page 2 of 2**

Case 12-37140-pcm13    Doc 34    Filed 11/03/17

| Client | Trans Date | Tmkr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 2288.001 Krum/Brian and Sherry** | | | | | | | | | |
| 2288.001 | 11/30/2012 | 11 | A | 55 | | | 12.40 | Postage | ARCH |
| 2288.001 | 03/27/2013 | 12 | A | 1 | 225.00 | 1.10 | 247.50 | Telephone conference with S. Krum regarding mortgage payments and plan payments (.5); review bankruptcy docket for relief from stay motion(.1); analyze possible plan changes (.5). | ARCH |
| 2288.001 | 04/05/2013 | 12 | A | 1 | 225.00 | 0.30 | 67.50 | Email to S. Krum regarding paystubs, modified plan options and post fining financial management classes. | ARCH |
| 2288.001 | 04/08/2013 | 12 | A | 1 | 225.00 | 0.50 | 112.50 | Analyze recent paystubs; telephone conference with S. Krum regarding payments. | ARCH |
| 2288.001 | 04/30/2013 | 11 | A | 98 | | | 0.40 | Pacer | ARCH |
| 2288.001 | 05/06/2013 | 9 | A | 1 | 125.00 | 0.30 | 37.50 | Review email from client; redraft authorization letter to Wells Fargo; conference with N. Henderson; send letter to creditor; follow up email to client. | ARCH |
| 2288.001 | 05/07/2013 | 9 | A | 1 | 100.00 | 0.10 | 10.00 | Emails to and from client regarding permission letter to Wells Fargo. (No Charge). | ARCH |
| 2288.001 | 05/21/2013 | 12 | A | 1 | 225.00 | 0.20 | 45.00 | Emails with S. Krum regarding adding tax debt to current bankruptcy case. | ARCH |
| 2288.001 | 06/03/2013 | 12 | A | 1 | 225.00 | 0.30 | 67.50 | Analyze plan modification options; emails with S. Krum. | ARCH |
| 2288.001 | 07/10/2013 | 12 | A | 1 | 225.00 | 0.20 | 45.00 | Emails with S. Krum regarding Wells Fargo deficiency. | ARCH |
| 2288.001 | 07/31/2013 | 11 | A | 98 | | | 0.30 | Pacer | ARCH |
| 2288.001 | 05/31/2014 | 11 | A | 99 | | | 0.00 | Write off of $ 181.39 finance charge. | ARCH |
| 2288.001 | 04/12/2017 | 12 | A | 1 | 315.00 | 0.70 | 220.50 | Review relief from stay motion(.2); telephone conference with S. Krum regarding same (.3); review client documents regarding mortgage payments(.2). | ARCH |
| 2288.001 | 04/12/2017 | 15 | A | 1 | 150.00 | 0.30 | 45.00 | Review Motion for Relief from Stay; conference with N. Henderson regarding same; telephone call to client regarding same; docket response deadline. | ARCH |
| 2288.001 | 04/17/2017 | 12 | A | 1 | 315.00 | 2.80 | 882.00 | Significant analysis of mortgage creditor's motion for relief from stay and default calculations. | ARCH |
| 2288.001 | 04/19/2017 | 12 | A | 1 | 315.00 | 0.40 | 126.00 | Telephone conference with S. Krum regarding mortgage payment deficiencies. | ARCH |
| 2288.001 | 05/09/2017 | 12 | A | 1 | 315.00 | 0.70 | 220.50 | Attend relief from stay hearing(0.5); analyze client options; conference with N. Henderson regarding same; telephone conference with S. Krum regarding same (0.2). | ARCH |
| 2288.001 | 05/10/2017 | 12 | A | 1 | 315.00 | 0.40 | 126.00 | Emails with S. Krum regarding refinance options; telephone conference with mortgage broker regarding same. | ARCH |
| 2288.001 | 05/12/2017 | 12 | A | 1 | 315.00 | 0.60 | 189.00 | Conference with clients regarding relief from stay motion (.4); Prepare authorization letter for mortgage company (.2). | ARCH |
| 2288.001 | 05/17/2017 | 12 | A | 1 | 315.00 | 0.20 | 63.00 | Review fax documents from client. | ARCH |
| 2288.001 | 06/06/2017 | 12 | A | 1 | 315.00 | 0.40 | 126.00 | Emails with opposing counsel regarding mortgage modification; attendance at relief from stay hearing. | ARCH |
| 2288.001 | 06/09/2017 | 12 | A | 1 | 315.00 | 0.40 | 126.00 | Emails with S. Krum regarding mortgage modification and requirements to finalize plan. | ARCH |
| 2288.001 | 07/26/2017 | 12 | A | 1 | 315.00 | 0.20 | 63.00 | Telephone conference with B. Krum regarding plan payments.(No Charge). | ARCH |

**Total for Client ID 2288.001**    Billable 9.80    2,759.60   Krum/Brian and Sherry
                                      Non-billable 0.30    73.00   Bankruptcy
                                      Total 10.10    2,832.60

### GRAND TOTALS

|  | | |
|---|---|---|
| Billable | 9.80 | 2,759.60 |
| Non-billable | 0.30 | 73.00 |
| Total | 10.10 | 2,832.60 |
| Courtesy Discount | | (500.00) |
| **Final Total** | | **$2,259.60** |